378-2: EDF:JCP
292436

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROMET MARINE SERVICES CORPORATION

vs. C.A. No.

FISHING VESSEL RIO SADO, its gear, engine, appurtenances, equipment, and all other necessaries thereunto appertaining in rem and RUSSELL KOZA, JR.

CA 06 200

## VERIFIED COMPLAINT

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h).

2. This Court has jurisdiction under 28 U.S.C. Section 1333.

## THE PARTIES

3. Plaintiff, Promet Marine Services Corporation, ("Promet"), is a Rhode Island business corporation organized and existing under the laws of the State of Rhode Island and having its principal place of business located at 242 Allens Avenue, Providence, Rhode Island, 02095. Plaintiff is engaged, among other things, in the furnishing of repairs, supplies and other necessaries to vessels of all kinds and descriptions.

4. The Fishing Vessel Rio Sado (hereinafter F.V. Rio Sado) is now and during the pendency of this action, will be, within this district and is located at a shipyard facility owned by Promet in Providence, Rhode Island.

5. Upon information and belief, Russell Koza, Jr., is the owner of the F.V. Rio Sado.

6. Upon information and belief, Russell Koza, Jr., (hereinafter the "Owner") resides at 1700 Kingstown Road, Peacedale, Rhode Island 02883.

## FACTS

7. Pursuant to an agreement between the Owner and Promet, in September 2005, Promet did perform all work requested by Defendant Russell Koza, Jr. on the F.V. Rio Sado in the nature of repairs to the F.V. Rio Sado. Plaintiff also furnished certain materials, all of which were necessary to maintain the F.V. Rio Sado in proper condition for navigation.

8. Promet invoiced the Owner of the F.V. Rio Sado for the amount due and owing from the work performed.

9. Attached hereto as Exhibit 1 is a true and accurate copy of the invoice referenced in the preceding paragraph, dated September 30, 2005, in the amount of $2,927.82 for the work performed and material supplied by Plaintiff for the F.V. Rio Sado.

10. Defendants are also indebted to Plaintiff for storage of the F.V. Rio Sado from October 1, 2005 through and including the date of the filing of the within Complaint. In addition, Defendants are indebted to Plaintiff for the expense associated with moving the F.V. Rio Sado into storage. Said storage charges, as of the 24th day of April 2006 total the amount of $9,800.00. This sum is a fair and reasonable charge for the services and materials provided.

11. Attached hereto as Exhibit 2 are true and accurate copies of the invoices for the storage charges associated with the F.V. Rio Sado.

12. In addition, while in storage, the F.V. Rio Sado, owing from a state of disrepair unrelated to the contract between the parties, suffered an apparent leak, which leak threatened imminent and grave harm including, but not limited to, the threat of contamination to Promet's facility and the surrounding environs.

13. As a result of the state of disrepair referenced in the preceding paragraph, Promet was required to remove, via pump, fluid consisting of fuel and water from the bilge of

the F.V. Rio Sado, which removed fluid totaled approximately 1700 gallons.

14. Defendant is liable for the expenses incurred by Promet related to the removal of fluid from the F.V. Rio Sado as described herein. Said expenses associated with the removal of fluid total $1,188.31. Attached hereto as Exhibit 3 is a true and accurate copy of the invoice associated with the work referenced in paragraphs 12, 13 and 14.

15. The total amount currently due Plaintiff is $14,562.92, which sum represents the balance due for repair work, materials, labor and other necessaries, including storage charges and including finance charges accrued to date, plus interest.

16. The bills for the work, materials, labor and other necessaries, including storage charges, have been presented to the Defendant and a demand for payment has been made.

17 The Owner of the F.V. Rio Sado has refused to pay the sum owed to Plaintiff.

**COUNT I**

18. Paragraphs 1 through and including 17 of this Complaint are incorporated herein by reference and repeated herein as if fully set forth.

19. The plaintiff is the holder of a maritime lien against the F.V. Rio Sado within the meaning of the Maritime Liens Act, 46 U.S.C. Sections 31301-31343.

20. At the request of the Owner of the F.V. Rio Sado, the plaintiff provided repairs essential for making the ship seaworthy and other necessaries.

21. The balance due for the repair work, materials, labor and other necessaries provided to the F.V. Rio Sado by Plaintiff at the request of its Owner, as of April 24, 2006, was $14,562.00.

22. This sum is a fair and reasonable charge for the services and materials provided.

23. Demand for payment has been made and refused.

24. These sums are presently due and owing.

25. The work has been done in a good and workmanlike manner.

26. There are no known setoffs to these sums.

27. The plaintiff is the holder of a maritime lien against the F.V. Rio Sado in an amount in excess of $14,562.92, plus interest and expenses for collection, to include the expenses of seizure and sale.

28. The plaintiff wishes to seize the F.V. Rio Sado, its engine, gear, equipment, furnishings, appurtenances and other necessaries thereunto appertaining so that said vessel may be sold to satisfy its lien.

29. As the vessel has been hauled, storage and dry dock charges will continue to accrue.

30. The defendant, F.V. Rio Sado is liable for any such storage, wharfage or dry dock charges.

WHEREFORE, Plaintiff prays:

1. That a warrant issue for the arrest of the F.V. Rio Sado, its engine, gear, furnishings, equipment, appurtenances, and all other necessaries thereunto appertaining, and that all persons claiming any interest therein, may be cited to appear and answer the matter aforesaid:

2. That a judgment may be entered in favor of plaintiff for the amount of its claim, with interest, expenses and costs and that the F.V. Rio Sado, its engine, gear, furnishings, equipment, appurtenances, etc. may be condemned and sold to pay same; and

3. The Plaintiff may have such other and further relief as the justice of the case may require.

**COUNT II**

31. Paragraphs 1 through and including 30 of this Complaint are incorporated herein by reference and repeated herein as if fully set forth.

32. Defendant, Russell Koza, Jr., contracted with Plaintiff for the plaintiff to provide to the F.V. Rio Sado repairs, materials, equipment, parts, labor, and other necessaries.

33. The defendant Russell Koza, Jr. agreed to pay for these services on a time and material basis.

34. The work requested has been performed in a good workmanlike manner.

35. The balance due and owing, which is a fair and reasonable charge for the labor and services provided, inclusive of interest accrued to date, exceeds $14,562.92.

36. There are no known setoffs to this claim.

37. Demand for payment has been made on the defendant and payment has not been forthcoming.

38. The defendant, Russell Koza, Jr., has breached his contract with the plaintiff.

39. As a result of this breach, the plaintiff has been damaged in an amount in excess of $ 14,562.92.

40. As the vessel has been hauled, storage and dry dock charges will continue to accrue.

41. The defendant, Russell Koza, Jr., is liable for any such storage and/or dry dock changes.

WHEREFORE, plaintiff demands judgment against Defendant Russell Koza, Jr. in the amount of $14,562.92, plus any wharfage, storage or dry dock charges which will accrue in the future, interest, expenses for collection, including the expenses of seizure and sale and such other relief as the justice of the case may require.

PROMET MARINE SERVICES CORPORATION
By its Attorneys,

Jason C. Preciphs #6727
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
Ten Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000

DATE: April 25, 2006

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

VERIFICATION

I, Joel Cohen, being duly sworn, depose and say:

1. I am the Vice President of Promet Marine Service Corporation, the plaintiff herein. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except to the matters stated upon information and belief and as to those matters, I believe them to be true.

2. The sources of my information and the grounds of my belief are my personal knowledge and involvement with the negotiation and performance of the agreement for the provision of services and material by the F.V. Rio Sado and reports made to me by employees of and the records of Promet Marine Service Corporation.

Joel Cohen (signature)
Joel Cohen

Subscribed and sworn to before me at Providence this 25th day of April, 2006.

(signature)
Notary Public