378-2: EDF:JCP
299501

FILED
AUG - 7 2006
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROMET MARINE SERVICES CORPORATION

vs. C.A. No. 2006-0200

FISHING VESSEL RIO SADO, its gear,
engine, appurtenances, equipment,
and all other necessaries
thereunto appertaining in rem and
RUSSELL KOZA, JR.

ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Upon the application of plaintiff, Promet Marine Services, for an order appointing a substitute custodian in lieu of the U.S. Marshal in this case, and good cause appearing therefore, it is hereby ORDERED:

That plaintiff's application is granted and it is further

ORDERED that the plaintiff, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc., from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, cargo, etc. to Promet Marine Services as substitute custodian and it is further

ORDERED that the plaintiff shall defend the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and further, shall indemnify and hold harmless and be responsible to pay all claims and judgments that may arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorney's fees, costs, expenses and disbursements incurred in

defending against such claims or actions arising out of said substitute custody and it is further

ORDERED that the U.S. Marshal for this District shall transfer custody of the F. V. RIO SADO, Official No. 253426, its gear, engine, appurtenances, equipment, permits and all other necessaries thereunto appertaining to the custody of the substitute custodian Promet Marine Services Corporation, by and through its authorized representatives, immediately following its arrest and it is further

ORDERED that upon the transfer of said vessel to the substitute custodian the aforesaid substitute custodian is hereby appointed to act as substitute custodian to the defendant vessel during custodia legis on behalf of this Court, instead of the U.S. Marshal until further order of this Court; and it is further ORDERED:

That upon transfer of the custody of the defendant vessel to the substitute custodian by the U.S. Marshal, the U.S. Marshal shall not be liable for any losses occurring while it remains in the custody of the substitute custodian; and it is further

ORDERED that upon transfer of custody of the defendant vessel with the substitute custodian by the U.S. Marshal, the substitute custodian shall maintain the possession of the vessel at 242 Allens Avenue, Providence, Rhode Island until further order of this court; and it is further

ORDERED that all reasonable expenditures of the U.S. Marshal shall be administrative expenses in this action and a first charge on the vessel herein, to be paid to the U.S. Marshal prior to the release of the defendant vessel or distribution of the proceeds of its sale; and it is further

ORDERED that all reasonable expenses of the substitute custodian maintaining possession and custody of the vessel and other related expenses, shall be administrative expenses in this action and a first charge on the vessel herein to be paid to the substitute custodian, prior to the release of the defendant vessel or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessel while it is in custodia legis, including costs of maintaining adequate risk insurance on the vessel while the vessel is in custodia legis shall be administrative expenses in this action and first charge against the defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of its sale. Said expenses of the substitute custodian being a charge of $30.00 per day for the cost of wharfage and in the event of placing the vessel in the water the charge for same will be $2000.00 and wharfage charges thereafter would be charged at $30.00 per day; and it is further

ORDERED that during custodia legis the substitute custodian shall not permit repairs or changes to be made to the vessel except for routine maintenance required for the vessel's safekeeping, for which the custodian shall be compensated a fair and reasonable charge which further charges will be administrative expenses and the first charge of the proceeds of the sale of the vessel; and it is further

ORDERED that the substitute custodian may receive for the vessel and the United States must receive for the vessel and the United States must attest to the date and time of release under certified copy thereof; and it is further

ORDERED that the plaintiff's attorney must serve the owner of the F. V. RIO SADO with a copy of this order by certified mail and regular mail.

DONE this 4th day of Aug., 2006.

David L. Martin
United States Magistrate Judge