UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROMET MARINE SERVICES CORPORATION

vs. C.A. No. 2006-200 ML

FISHING VESSEL RIO SADO, its gear,
engine, appurtenances, equipment,
and all other necessaries
thereunto appertaining in rem and
RUSSELL KOZA, JR.

PRETRIAL CONFERENCE STATEMENT OF
PLAINTIFF, PROMET MARINE SERVICES, INC.

This is a case of admiralty and maritime jurisdiction over which the District Court has original jurisdiction pursuant to 28 U.S.C.A § 1333 and Article III, Section 2, clause 3 of the United States Constitution. The case is an in rem action brought against the Fishing Vessel Rio Sado, official number 253426, to foreclose a maritime lien on the vessel arising out of the provision of repair work, materials, labor and other necessaries, including dry dock and storage charges, provided to the F/V Rio Sado at the request of its owner. As such, the plaintiff has a maritime lien against the vessel pursuant to 46 U.S.C.A. Section 31342 (a) (1).

In addition, joined is an in personam action against the owner of the vessel, Russell Koza, Jr., for his breach of his contract with the plaintiff to provide to the Rio Sado, repairs, materials, equipment, parts, labor and other necessaries, including wharfage, dry dock and storage.

**Factual Background**

Pursuant to an agreement between the Mr. Koza and Plaintiff, the plaintiff performed all work requested by Defendant, Russell Koza, Jr., on the F.V. Rio Sado, (the “vessel”), in September 2005, furnishing materials as requested to maintain the vessel in proper condition

for navigation. Thereafter, Plaintiff invoiced Defendant Koza for the work performed on the vessel. Payment of the balance was not forthcoming and the vessel remained in Plaintiff's shipyard, incurring additional storage fees.

In addition to charges for work performed by Plaintiff and the storage fees, on June 2, 2006, Plaintiff's counsel notified Defendant Koza, through his counsel, that Plaintiff would be required to remove all fluid from the vessel's fuel storage system due to a leak. A third party's estimate of the cost for this work was provided to Defendant on this date.

## Legal Issues

The plaintiff in order to be successful has to show that it provided various necessaries to the F.V. Rio Sado, which was a vessel capable of traveling on navigable waters of the United States, at the request of the owner; that these necessaries were provided; that a fair and reasonable charge for the necessaries were assessed; and that the amounts remain unpaid.

The vessel was arrested by the United States Marshals Service on August 9, 2006, pursuant to an order of this court. The Honorable Court has appointed Plaintiff as substitute custodian for the vessel. Presently, the vessel remains at a shipyard facility owned by Promet at 242 Allens Avenue, Providence, Rhode Island.

Plaintiff will request the Honorable Court to Order the Interlocutory Sale of the vessel. After the sale of the vessel and the judgment for the plaintiff, the plaintiff further intends to: (1) prove the costs incurred in the seizure and sale; (2) request that the costs be paid from the proceeds of the sale; and (3) request that the court determine the priorities of any claimants to the proceeds of the vessel.

/s/ Jason C. Preciphs_________
Jason C. Preciphs #6727
Roberts, Carroll, Feldstein &
Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000
(401) 521-1328
jpreciphs@rcfp.com

CERTIFICATION

I hereby certify that on this 7th day of September the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

**Daniel P. McKiernan**
McKiernan Thompson & Millea
243 North Main Street
Providence, RI 02903
223-1400
223-1401 (fax)
dmckiernan@mtmlaw.us

_______________________________

EDF:JCP
378-2