UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROMET MARINE SERVICES CORPORATION

vs. C.A. No. 2006-200 ML

FISHING VESSEL RIO SADO, its gear,
engine, appurtenances, equipment,
and all other necessaries
thereunto appertaining in rem and
RUSSELL KOZA, JR.

**PRETRIAL MEMORANDUM OF PLAINTIFF,
PROMET MARINE SERVICES, INC.**

Now comes Plaintiff, Promet Marine Services, Inc., and herby files this memorandum pursuant to the September 18, 20906 Pretrial Order of the Honorable Court. As previously indicated, it is expected that no trial will be necessary regarding this matter as it remains the intention of Plaintiff to dismiss this action after completion of the Interlocutory Sale of the defendant *in rem*. Nonetheless, in compliance with said order, Plaintiff offers the following.

**Background**

Pursuant to an agreement between the Mr. Koza and Plaintiff, the plaintiff performed all work requested by Defendant, Russell Koza, Jr., on the F.V. Rio Sado, (the "vessel"), in September 2005, furnishing materials as requested to maintain the vessel in proper condition for navigation. Thereafter, Plaintiff invoiced Defendant Koza for the work performed on the vessel. Payment of the balance was not forthcoming and the vessel remained in Plaintiff's shipyard, incurring additional storage fees.

In addition to charges for work performed by Plaintiff and the storage fees, on June 2, 2006, Plaintiff's counsel notified Defendant Koza, through his counsel, that Plaintiff would be required to remove all fluid from the vessel's fuel storage system due to a leak. A third party's estimate of the cost for this work was provided to Defendant on this date.

**Expected proof regarding each claim**

Again, no trial is expected. However, in the event of trial, Plaintiff would offer proof as to the following issues: (1) costs incurred in the seizure and sale of the F.V. Rio Sado; and (2) the value of services provided to the F.V. Rio Sado pursuant to the contractual agreement of the parties and, if necessary, the reasonable commercial value thereof.

As to the first issue, Plaintiff would seek to introduce the Report of Sale of Deputy Marshal R. Young as well as the invoices regarding the legal expenses incurred by Plaintiff, accompanied by an affidavit of counsel.

With respect to the second issue, Plaintiff would seek to introduce the monthly invoices regarding the work performed on the F.V. Rio Sado and storage charges, as well as correspondence from the U.S. Environmental Protection Agency and invoice associated with the work performed to remove all fluid from the vessel's fuel storage system due to a leak that occurred.

**Identification of witnesses**:

Were a trial necessary, Plaintiff would seek to introduce the testimony of two individuals: (1) Mr. David Cohen; and (2) Deputy Marshal R. Young. Again, no trial should be necessary.

**Deputy Marshall Young**

Were a trial necessary, Mr. Young would be called to establish the commercial reasonableness and any costs associated with the November 13, 2006 interlocutory sale of the vessel, which sale is presently subject to the Court's approval.

**Mr. Cohen**

Mr. Cohen, were a trial necessary, would testify regarding the condition of the vessel prior to and after work performed by Plaintiff. In addition, Mr. Cohen would be expected to testify regarding the nature and value of the work performed as well as the authentication of each invoice associated therewith. Finally, Mr. Cohen would testify regarding ongoing communications with the defendant during the period of time during the controversy relevant to the establishment and formation of the contract(s) at issue and failed efforts to reach resolution of the matter.

**Statement regarding probable length of trial**

As indicated in prior conferences with the Court, no trial is expected to be necessary as Plaintiff intends to dismiss this action subsequent to the Interlocutory Sale of the defendant *in rem*, Fishing Vessel Rio Sado. Were a trial necessary, the probable length would be one day.

**Pertinent Law**

This is a case of admiralty and maritime jurisdiction over which the District Court has original jurisdiction pursuant to 28 U.S.C.A § 1333 and Article III, Section 2, clause 3 of the United States Constitution. The case is an in rem action brought against the Fishing Vessel Rio Sado, official number 253426, to foreclose a maritime lien on the vessel arising out of the provision of repair work, materials, labor and other necessaries,

including dry dock and storage charges, provided to the F/V Rio Sado at the request of its owner. As such, the plaintiff has a maritime lien against the vessel pursuant to 46 U.S.C.A. Section 31342 (a) (1).

In addition, joined is an in personam action against the owner of the vessel, Russell Koza, Jr., for his breach of his contract with the plaintiff to provide to the Rio Sado, repairs, materials, equipment, parts, labor and other necessaries, including wharfage, dry dock and storage. In order to establish a breach of a contractual agreement, the party asserting such claim must demonstrate the following: a valid enforceable contract, a right thereunder in the party seeking relief, and a breach by the defendant resulting in damages suffered by complainant. *Dugan v. Ford Motor Credit Co.*, 1984 R.I. Super. LEXIS 50 (R.I. Supr. Ct. May 31, 1984).

/s/ Jason C. Preciphs
Jason C. Preciphs #6727
Roberts, Carroll, Feldstein &
Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000
(401) 521-1328
jpreciphs@rcfp.com

## CERTIFICATION

I hereby certify that on this 16th day of November the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be delivered by other means to the individual listed below who is not a registered participant as identified on the Notice of Electronic Filing:

Russell Koza, Jr
1700 Kingstown Road
PeaceDale, RI 02883

/s/ Jason C. Preciphs